SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
AMY K. ALEXANDER (SBN: 236728)
aalexander@grsm.com
ERIC TSAI (SBN: 273056)
etsai@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3193
Facsimile: (415) 986-8054

Attorneys for Defendant
KIA MOTORS AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS A. COLON,<br><br>                Plaintiff,<br><br>     vs.<br><br>KIA MOTORS AMERICA, INC., and DOES 1 through 30,<br><br>                Defendants | CASE NO.<br><br>**DEFENDANT KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL**<br><br>Sup Ct Comp.: September 23, 2020<br>Removed:  October 26, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant KIA MOTORS AMERICA, INC. ("KMA"), by their counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, based on federal question jurisdiction, the claims pending as Case No. 20CV002542 of the Superior Court of California, County of Monterey. In support of this removal, KMA states as follows:

**I.     THE REMOVED CASE**

1.     The removed case is a civil action commenced in the Superior Court of California, Monterey County, by Plaintiff LEWIS A. COLON ("Plaintiff") against KMA, entitled *Lewis A. Colon v. Kia Motors America, Inc., et al.*, Case No. 20CV002542 (the "State Action"). The only named Defendant is KMA.

2. Plaintiffs filed the State Action on September 23, 2020, asserting a cause of action for breach of express warranty under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("MMWA").

## II. PROCEDURAL REQUIREMENTS

3. Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b)(1). KMA was served with a copy of the Complaint on September 25, 2020, and files this Notice of Removal within thirty days of being served with the Complaint in the State Action.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in KMA's possession are contained in **Exhibits A-F** to the Declaration of Eric Tsai ["Tsai Decl."] filed concurrently herewith.

5. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California because this district embraces the place in which the State Action has been pending.

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Monterey promptly after filing of same in this Court.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8. If any question arises as to the propriety of the removal of this action, KMA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of KMA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

///

### III. FEDERAL QUESTION REQUIREMENT IS MET

10. This Court has original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). An action "arises under" federal law within the meaning of 28 U.S.C. § 1331 if federal law either creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust* 463 U.S. 1, 27-28 (1983).

11. Here, Plaintiff asserts a claim pursuant to the MMWA. Compl., ¶¶ 19, 20. This action "arises under" a federal statute and, as such, this Court has original jurisdiction. *See* 15 U.S.C. § 2310(d)(1)(B).

### IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

12. For jurisdiction over a claim under the MMWA, the amount in controversy must exceed $50,000 (exclusive of interest and costs) "computed on the basis of all claims to be determined" in the suit. *See* 15 U.S.C. § 2310(d)(3)(B).

13. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

14. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in

1  controversy is challenged, then "both sides submit proof and the court decides, by a
2  preponderance of the evidence, whether the amount-in-controversy requirement has been
3  satisfied." *Ibarra*, 775 F.3d at 1195.  At that time, "it may be appropriate to allow discovery
4  relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal
5  citation omitted).

6  15.  KMA disputes that it is liable for any damages whatsoever to Plaintiff.
7  Nevertheless, KMA can demonstrate that the amount in controversy exceeds $50,000 under the
8  "preponderance of the evidence" standard.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d
9  696, 699 (9th Cir. 2007).  The standard requires only that the removing party present evidence
10 that "it is more likely than not" that the amount in controversy is satisfied.  *Id.*

11 16.  On May 25, 2018, Plaintiff purchased a 2018 Kia Soul, vehicle identification
12 number KNDJX3AA0J7574860 ("Vehicle") for $36,622.82, from Earnhardt Kia, in Phoenix,
13 Arizona. *See* Tsai Decl., ¶ 4; Compl., ¶ 1.

14 17.  Plaintiff alleges that, during the warranty period, the Vehicle contained or
15 developed defects "which substantially impair its use, value, and safety."  Compl., ¶ 7. Plaintiff
16 further alleges KMA and its dealer have been unable to conform the vehicle to the express
17 warranty after a reasonable number of attempts at repair, and KMA is therefore required to
18 reimburse Plaintiff "the purchase price and incidental and other damages pursuant to 15 USC §
19 2310 in return for clear title to the vehicle."  Compl., ¶ 20.

20 18.  Plaintiff claims he is entitled to relief against KMA under the MMWA: for
21 reimbursement (of the purchase price of the Vehicle) and incidental damages (including finance
22 charges, sales tax, DMV license fees, and the service contract premium), which exceed $25,000,
23 prejudgment interest, and attorney's fees and costs of suit.  *See* Compl., 4:12-15, ¶ 13.

24 19.  The amount in controversy also includes reasonable estimates of attorney's fees.
25 *Fritsch v. Swift Transportation Co of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A]
26 court must include future attorneys' fees recoverable by statute or contract when assessing
27 whether the amount-in-controversy requirement is met.")

28

20. If Plaintiff were to prevail on his claims as alleged, the award of damages easily surpasses $50,000. Plaintiff alleges he suffered damages estimated to be around $36,622.82, which represents the purchase price of the Vehicle (plus incidental and consequential damages). Adding this amount to reasonable attorney's fees which a party is entitled to under the MMWA, which can be reasonably estimated to be at least $35,000, it is more likely than not that the amount in controversy exceeds $50,000. *See* Declaration of Spencer P. Hugret, ¶¶ 5, 6.

21. Accordingly, the total amount in controversy exceeds $50,000, and the amount in controversy is satisfied.

## V. CONCLUSION

22. For the reasons discussed above, the State Action may be removed to this Court by KMA in accordance with the provisions of 28 U.S.C. §§ 1331, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California, (ii) the action arises under federal law, and (iii) the amount in controversy exceeds $50,000, exclusive of interest and costs.

Dated: October 26, 2020                    Respectfully submitted,

                                           */s/ Eric Tsai*
                                           Spencer P. Hugret
                                           Amy Alexander
                                           Eric Tsai
                                           *Attorneys for Defendant*
                                           KIA MOTORS AMERICA, INC.